**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4273**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RANDY DEAN MCKINLEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:21-cr-00059-TSK-MJA-1)

_____

Submitted:  September 28, 2023                          Decided:  October 2, 2023

_____

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Jennifer Therese Conklin, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy McKinley pled guilty, pursuant to a written plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  The district court sentenced McKinley to 168 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether McKinley's sentence is reasonable.  In his pro se supplemental brief, McKinley argues that his plea was not knowing and voluntary, that the district court erred in its calculation of the Sentencing Guidelines range, that his sentence is unreasonable, and that his counsel provided ineffective assistance.  The Government moves to dismiss the appeal as barred by the appeal waiver in the plea agreement.  We affirm in part and dismiss in part.

The appeal waiver in the plea agreement does not preclude our review pursuant to *Anders* of the validity of the guilty plea.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  We therefore deny in part the Government's motion to dismiss.  Because McKinley did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard).  Our review of the record confirms that McKinley entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid.  *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

2

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* Typically, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted); *see Boutcher*, 998 F.3d at 608.

Our review of the record confirms that McKinley knowingly, voluntarily, and intelligently waived his right to appeal his sentence and that the appeal waiver in the plea agreement is valid and enforceable. Because the sentencing issues McKinley and counsel raise on appeal fall squarely within the scope of the valid appellate waiver, the waiver bars review of those claims.

McKinley's claims that his district court counsel provided ineffective assistance fall outside of the scope of his appeal waiver. However, we do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because the present record does not conclusively establish that counsel provided ineffective assistance, we decline to address these claims on direct appeal.

3

McKinley's arguments should be raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of McKinley's valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the criminal judgment. This court requires that counsel inform McKinley, in writing, of the right to petition the Supreme Court of the United States for further review. If McKinley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McKinley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4